IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MICHAEL STORMAN,

        Plaintiff,                    No. CIV S-09-2810 KJM PS

    vs.

MICHAEL J. ASTRUE,
Commissioner of Social Security,

        Defendant.              ORDER

/

        Plaintiff, proceeding pro se, seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") affirming a decision of the PASS Cadre to deny a Plan for Achieving Self Support ("PASS") under Title XVI of the Social Security Act. See 42 U.S.C. §§ 1382a(b)(4)(B), 1383b(d). For the reasons discussed below, the court will deny plaintiff's motion for summary judgment and grant the Commissioner's cross-motion for summary judgment.

I. Factual and Procedural Background

        In a decision dated August 14, 2007, the ALJ determined plaintiff had not submitted a feasible PASS and for that reason, the PASS should not be approved. The ALJ's decision became the final decision of the Commissioner when the Appeals Council denied

1

plaintiff's request for review.  The ALJ found plaintiff has had a PASS in the past to become a civil rights attorney or attain a part-time position in a law firm but that the prior PASS was terminated because he quit the program voluntarily due to serious health problems; plaintiff's behavior is counterproductive; plaintiff was found to be an unsuitable candidate for a PASS because the plan requires understanding, cooperation, and adherence to the rules of the program but plaintiff failed to set up a separate bank account to hold his PASS funds and failed to complete a labor survey to identify at least three law firms in plaintiff's area that have "part-time" research jobs available; there is no medical evidence of any improvement in plaintiff's medical condition to support a conclusion that plaintiff would be more successful in pursuing the new PASS; investment of the Social Security Administration's ("SSA") funds into such a PASS with a five to seven year "educational" process is not likely to be successful; plaintiff did not submit a feasible PASS; and the PASS should not be approved.  Administrative Transcript ("AT") 18.  Plaintiff contends that the decision to deny his PASS was based on improper reasons.

II. Standard of Review

The court reviews the Commissioner's decision to determine whether (1) it is based on proper legal standards under 42 U.S.C. § 405(g), and (2) substantial evidence in the record as a whole supports it.  Copeland v. Bowen, 861 F.2d 536, 538 (9th Cir. 1988) (citing Desrosiers v. Secretary of Health and Human Services, 846 F.2d 573, 575-76 (9th Cir. 1988)).  Substantial evidence means more than a mere scintilla of evidence, but less than a preponderance.  Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996) (citing Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975)).  "It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402, 91 S. Ct. 1420 (1971) (quoting Consolidated Edison Co. v. N.L.R.B., 305 U.S. 197, 229, 59 S. Ct. 206 (1938)).  The record as a whole must be considered, Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986), and both the evidence that supports and the evidence that

detracts from the ALJ's conclusion weighed.  See Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the ALJ's decision simply by isolating a specific quantum of supporting evidence.  Id.; see also Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a finding of either disability or nondisability, the finding of the ALJ is conclusive, see Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

III.  Analysis

A PASS allows the recipient to use income and resources to reach his work goals. See 42 U.S.C. §§ 1382a(b)(4)(B), 1383b(d).  The plan must be designed especially for the individual, must be in writing, must be approved by the SSA, have a specific employment goal that the individual has a reasonable likelihood of achieving, show what money the individual has and will receive and how it will be used to attain the occupational goal and meet living expenses, and show how the money set aside under the plan will be separated from the individual's other funds.  20 C.F.R. § 416.1181(a).  To be approved by the SSA, a PASS must show how the employment goal will generate sufficient earnings to substantially reduce or eliminate dependence on SSI or disability benefits. 20 C.F.R. § 416.1181(a)(7).

Plaintiff contends the decision to deny his PASS, to become a part-time legal researcher for a local law firm, was based on improper reasons in that his medical condition was misunderstood and the Social Security representatives were biased against plaintiff.  However, plaintiff's request for reconsideration was reviewed by another PASS Cadre in a separate office by Social Security employees who had had no previous encounters with plaintiff. AT 16, 67-69. Moreover, substantial evidence supports the ALJ's determination that the PASS did not meet the regulatory requirements.  Although plaintiff's employment goal required cooperation and adherence to the rules of the program, plaintiff's behavior, as demonstrated by the record, did not

conform to those qualities.  AT 16, 18, 23 (calling the SSA office at least 20 times in twelve days, argumentative, highly agitated, constantly interrupting), 62 (repeatedly calling office, refusing to open separate bank account), 67 (impatience, repeatedly calling office, failing to use Social Security forms), 92 (refusal to complete market survey to demonstrate reasonable likelihood of achieving employment goal), 129 (plaintiff refused to conduct labor market survey, stating "not necessary").  The SSA conducted its own research and found that part time jobs of the kind plaintiff stated was his employment goal were not available.  AT 175, 176, 182.

In addition, the record supports the finding of the ALJ that plaintiff's medical condition had not improved sufficiently for plaintiff to be any more successful with the newly proposed PASS than he was with his prior PASS.  AT 18, 27-28 (plaintiff terminated previous PASS due to limited concentration), 186 (in May 2007, plaintiff reported taking eleven prescription medications, including three that are very sedating; plaintiff reported sleeping until 12 to 1 p.m. every day; plaintiff stated other medical conditions affected his stamina and energy level).  While plaintiff's treating physicians opined that his medical condition would allow him to participate in a paced home study program, there is no evidence in the record regarding the vocational feasibility of plaintiff's PASS goal in light of his recurrent depression, hemochromatosis, and Tourette's disorder.  AT 181, 190-192.  In light of these factors, the ALJ properly concluded that investment of SSA funds into a PASS with a five to seven year educational process was not likely to be successful.  20 C.F.R. § 416.1181(a)(7) (PASS must show how employment goal will generate sufficient earnings to substantially reduce or eliminate dependence on SSI or disability benefits); AT 183 (analysis showing plaintiff's anticipated earnings would not reduce disability benefits, and nine to twelve years would be needed to recover amount of cost of program).

/////
/////
/////

4

1	The ALJ's decision is fully supported by substantial evidence in the record and
2 based on the proper legal standards. Accordingly, IT IS HEREBY ORDERED that:
3	1. Plaintiff's motion for summary judgment or remand is denied, and
4	2. The Commissioner's cross-motion for summary judgment is granted.
5 DATED: October 21, 2010.

_____
U.S. MAGISTRATE JUDGE

006
storman.ss